**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 08-08321 BKT** |
| **EL LEGADO DE CHI CHI RODRIGUEZ GOLF RE** | **Chapter 11** |
| **XXX-XX5915** | **FILED & ENTERED ON 05/12/2010** |
| **Debtor(s)** | |

**OPINION AND ORDER**

This proceeding is before the Court upon Westernbank Puerto Rico's Motion for Conversion from Chapter 11 to 7 ("Westernbank" or "Movant") [Dkt. No. 284], Joaquin Lopez Camara, Potrero Matos Inc. and TMG Inc. Opposition ("Partners") [Dkt. No. 305], El Legado de Chi Chi Rodriguez Golf Resort SC SE's Opposition ("El Legado" & "Debtor") [Dkt. No. 306], the Unsecured Creditor's Committee's Opposition ("UCC") [Dkt. No. 308] and Juan Rodriguez Joinder to Debtor's Opposition [Dkt. No. 309]. For the reasons set forth below, Westernbank's Motion for Conversion is hereby DENIED.

**I-      FACTUAL AND PROCEDURAL BACKGROUND**

On December 8, 2008, creditor Juan Rodriguez filed an involuntary Chapter 11 bankruptcy petition against El Legado and the Partners. An Order for Relief was entered by consent on February 6, 2009 [Dkt. No. 32]. On September 15, 2009, as requested by Westernbank, the Court approved the appointment of a Chapter 11 Trustee for the administration of Debtor's asset [Dkt. No. 196].

On February 22, 2010, the UCC and the Partners submitted a Chapter 11 Reorganization

1

Plan [Dkt. No. 255]. Shortly thereafter, various related motions and oppositions were entered [Dkt. No. 257, 283, 286, 287]. Nevertheless, at the status conference held on March 18, 2010, the Court established May 7, 2010 as the deadline for Debtor to file a disclosure statement and plan [Dkt. No. 282]. On March 31, 2010, Westernbank requested the conversion from Chapter 11 to Chapter 7 [Dkt. No. 284]. On request by the UCC, this Court held any matter related to the UCC's Plan in abeyance until resolution of Westernbank's motion to convert [Dkt. No. 303]. In the meantime, multiple oppositions to the request for conversion were filed [Dkt. No. 284, 305, 306, 308 and 309].

This Court held an evidentiary hearing on this matter on April 28, 2010; the parties argued their respective positions, presented evidence in their support and submitted the controversy for resolution.

This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§1334 and 157(a) and the General Order of referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. §157(b).

**II-    APPLICABLE LAW AND DISCUSSION:**

Westernbank's request for conversion is predicated on section 1112(b)(1) of the Bankruptcy Code. This section provides that:

> "…on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause."

Section 1112 does not define the term "cause," rather, the section simply enumerates

2

examples of cause under subsection (b) (4), any one of which may be sufficient to justify the conversion or dismissal of the case.

Movant's main argument for conversion is that cause exists because there is substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. In addition, Movant asserts that the failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by the Bankruptcy Code or by order of the court warrants the finding of cause, and hence, the right to convert the case to Chapter 7 in the best interest of creditors. We disagree.

Based on the motions filed, the evidence presented and the testimony proffered, Movant has failed to meet its burden by a preponderance of the evidence that there is continuous loss or diminution of the estate and that there is no likelihood of rehabilitation in this case.

Since the appointment of the Chapter 11 Trustee, the estate has been continuously improving its cash flow (See Monthly Operating Reports admitted as Exhibits 30-A to 30-O). This sole fact defeats the argument that there is a continuing loss or diminution of the estate. Furthermore, the evidence presented by Juan Rodriguez in regards to the potential reorganization of the Debtor is indicative that there is an ample possibility for the financing of Debtor's operation, including the implementation of an aggressive marketing plan to rehabilitate Debtor's financial conditions. The Court notes that a reorganization plan has been filed with the provisions presented at the evidentiary hearing; provisions that were admitted into evidence and not refuted by Movant in its cross examination of Juan Rodriguez' witness, Mr. Harry Cook, Esq.

The Court finds that "cause" does not exist under 11 U.S.C. § 1112 (b)(4)(J) because the deadline to file a reorganization plan was met by Debtor. At this stage, the Court does not need to

3

conclude that the plan is confirmable or not. The evidence presented establishes that this plan could be confirmed within a reasonable time.

Even assuming *in arguendo* that Movant has established "cause," they must surpass the legal hurdle that conversion is in the best interest of creditors. At the evidentiary hearing, Westernbank failed to establish that even their own best interest would be met with the conversion to Chapter 7. We explain. Westernbank already has the automatic stay modified to pursue foreclosure until judgment. In the state court proceeding, that court will determine the extent and amount of Westernbank's secured claim. In a Chapter 7 scenario, this would prevent them from presenting a credit bid as they would not have an allowed proof of claim as required by 11 U.S.C. § 363 (k). Therefore, in a Chapter 7 scenario, the parties would still have to wait for the state court to finally resolve the amounts owed, if any, by Debtor under the secured claim.

Furthermore, Westernbank has failed to present the benefit of having a Chapter 7 Trustee instead of the Chapter 11 Trustee, when both have similar powers and duties under the Bankruptcy Code. Moreover, Westernbank alleges that the best interest of creditors is met, but no evidence was presented in support of the allegation.

The Court finds that there are unusual circumstances in this case that warrant the denial of the conversion request:

1. A Chapter 11 Trustee was appointed on September 2009 and since his appointment, the economic conditions of Debtors have improved.

2. If converted to Chapter 7, Debtors golf course would not be maintained and its value would rapidly diminish. (As the United States Trustee stated, based on the course's location, in two weeks it will become a desert).

3. The marketability of the estate is subject to the continuous use of the "Chi-Chi Rodriguez" tradename, an invaluable component.

4

4. Westernbank Puerto Rico was closed on April 30th, 2010 by the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico, which appointed the Federal Deposit Insurance Corporation (FDIC) as receiver. Movant ceased to exist and no substituting party has appeared on its behalf.

Therefore, based on the motions filed, the evidence presented and the testimony proffered, this Court finds that Westernbank failed to establish by a preponderance of the evidence that "cause" exists pursuant to sections 1112 (b)(1) and (b)(4) of the Bankruptcy Code. Even assuming that "cause" exists, in this case there are unusual circumstances that establish that the requested conversion is not in the best interests of creditors or the estate. For the foregoing reasons, Westernbank's request for conversion from Chapter 11 to Chapter 7, [Dkt. No. 284], is hereby DENIED.

IT IS SO ORDERED.

San Juan, this 12 day of May, 2010.

**Brian K. Tester**
**U.S. Bankruptcy Judge**

5